48 F.3d 1226
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Craig E. WNUK, Plaintiff-Appellee,
v.
Gary L. SEXTRO, an individual; Midwest Waterproofing
Company, Inc., a corporation, Defendants-Appellants,
v.
Metropolitan Life Insurance Company, d/b/a MetLife
Healthcare Network, Third-party defendant.
 No. 94-2436.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 14, 1994.
Filed: Feb. 16, 1995.
 
 Before MAGILL and BEAM, Circuit Judges, and SHANAHAN,* District Judge.
 PER CURIAM.
 
 
 1
 Gary Sextro and Midwest Waterproofing Company, Inc., appeal from a judgment of the district court[1], awarding $28,012.50 in attorney fees and $2,889.57 in costs in this ERISA action brought by Craig E. Wnuk. Sextro contends that the district court's award of fees and costs was an abuse of discretion because special circumstances in this case militate against an award of attorney fees and costs and render such award unwarranted.
 
 I.
 
 2
 Craig Wnuk is a former employee of Midwest Waterproofing. During his employment at Midwest, Wnuk was a participant in Midwest's employee benefit plan. Wnuk's wife was a beneficiary of the plan. According to the plan, Midwest was obligated to pay health insurance premiums for Wnuk and his wife. Gary Sextro, the sole shareholder and president of Midwest, acted as the fiduciary for the participants and beneficiaries of the plan and decided which of Midwest's bills would be paid and when to pay the bills. It was generally Sextro's practice not to pay health insurance premium invoices until the insurer threatened to cancel the policy.
 
 
 3
 After Midwest's repeated late payments of premiums, in October of 1989 MetLife Health Network, Midwest's health insurance carrier, canceled Midwest's insurance policy on account of non-payment of premiums. The cancellation was retroactive to May 1, 1989. Although Sextro was Wnuk's fiduciary and knew of the cancellation, he did not inform Wnuk of the cancellation. Wnuk did not learn of the cancellation until December, 1989, when his wife was hospitalized.
 
 
 4
 When Wnuk found out about the cancellation, he arranged for replacement coverage through MetLife, retroactive to May 1, 1989, and paid $7,611.21 to reinstate his coverage as well as maintain the coverage until a policy limitation regarding his wife's preexisting condition no longer applied.
 
 
 5
 In 1990, Wnuk filed an action against Sextro and Midwest in the Circuit Court of the City of St. Louis, Missouri. Trial in the state case was postponed several times, once when Sextro and Midwest filed a third-party action against MetLife. In January, 1993, and as the result of preemption under ERISA, the state court dismissed Wnuk's action. However, at the time the action was dismissed, the parties had completed substantial discovery regarding the controversy in state court. Therefore, and with the parties' consent, the state court ordered that all discovery obtained in the state court proceeding could be used in any action later filed in a federal or state court.
 
 
 6
 Wnuk filed suit in federal court on February 9, 1993. On November 23, 1993, Wnuk filed a motion for summary judgment against Sextro and Midwest, seeking $7,611.21 for health insurance premiums which he had paid, $28,012.50 in attorneys, fees and costs, and $1,485.00 for the services of an insurance broker who had negotiated the reinstatement of Wnuk's health insurance coverage with MetLife. Neither Sextro nor Midwest submitted any evidence concerning Wnuk's motion for summary judgment. On April 22, 1994, the district court granted Wnuk's motion for summary judgment.
 
 II.
 
 7
 Under ERISA, the district court has the discretion to award attorney fees and costs. See 29 U.S. C. 1132(g). In an ERISA action, a party seeking to avoid an award of an attorney fee and costs to a prevailing party bears the burden to show that an award is unwarranted. Landro v. Glendenning Motorways, Inc., 625 F.2d 1344, 1356 n.19 (8th Cir. 1980). See also Lutheran Medical Center v. Contractors Health Plan, 25 F.3d 616, 623 (8th Cir. 1994): "The unsuccessful party has the burden of proving 'special circumstances' necessary to overcome a presumption in favor of an attorneys' fee award."
 
 
 8
 In response to Wnuk's motion for summary judgment, neither Sextro nor Midwest presented any evidence of special circumstances. However, Sextro and Midwest point out that before Wnuk filed his action in federal court, they extended to Wnuk an offer of judgment pursuant to Fed. R. Civ. P. 68. Sextro and Midwest argue that their offer of judgment is a factor to be considered regarding the determination whether special circumstances exist in this case.
 
 
 9
 We do not agree that Sextro and Midwest's offer of judgment has any bearing on whether the district court abused its discretion in awarding an attorney fee and costs to Wnuk. As an initial matter, there is no evidence in the record that an offer of judgment was made to Wnuk during the proceedings in state court. Moreover, the offer of judgment reflected in the record was made on October 23, 1993, after completion of all discovery used in this case, and after most of the fee for Wnuk's attorney had already been incurred.
 
 
 10
 Sextro and Midwest further argue that an award of an attorney fee is unwarranted because most of the attorney fee at issue was incurred during Wnuk's unsuccessful suit in state court, an action undertaken not pursuant to ERISA, but, rather, in an attempt to "circumvent" ERISA. In view of the stipulation by Sextro and Midwest that the discovery material obtained in the state court action could be used in any subsequent litigation in federal court, and considering that the discovery in question was relevant to Wnuk's successful ERISA action, we find no merit in the argument by Sextro and Midwest.
 
 
 11
 Having reviewed the briefs and record, we find no special circumstances that would justify a departure from the presumption that Wnuk should recover an attorney fee and costs associated with the successful prosecution of his ERISA action. Accordingly, we conclude that the district court did not abuse its discretion by awarding a fee for Wnuk's attorney and costs, and we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Thomas M. SHANAHAN, United States District Judge for the District of Nebraska, sitting by designation
 
 
 [1]
 The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri